UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ANGEL H.,

                        Plaintiff,        DECISION AND ORDER
                                            1:25-CV-00131-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In December of 2021, Plaintiff Angel H.[1] applied for Supplemental

Security Income benefits under the Social Security Act. The Commissioner

of Social Security denied the application.  Plaintiff, represented by Ny

Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 16).

      This case was referred to the undersigned on September 12, 2025.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 12). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on December 5, 2021, alleging disability beginning July 13, 2018. (T at 10, 66).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 8, 2023, before ALJ Mark Solomon. (T at 35-52). Plaintiff appeared with an attorney and testified. (T at 40-47). The ALJ also received testimony from Christina Boardman, a vocational expert. (T at 48-50).

### B.    ALJ's Decision

On January 25, 2024, the ALJ issued a decision denying the application for benefits. (T at 7-25).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 5, 2021 (the date he applied for benefits). (T at 12).  The ALJ concluded that Plaintiff's seizure disorder, bipolar disorder, and anxiety disorder were severe impairments as defined under the Social Security Act. (T at 12).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he cannot climb ladders, ropes, or scaffolds, and must avoid commercial driving, working at unprotected heights, and with hazardous machinery. (T at 14).  The ALJ further found that Plaintiff can remember, understand, and carry out simple instructions, use judgment to make simple work-related decisions, adapt to routine and occasional changes in the workplace, and have frequent contact with supervisors, coworkers, and the general public. (T at 14).

The ALJ found that Plaintiff had no past relevant work. (T at 19).

Considering Plaintiff's age (36 on the application date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 20).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits

for the period between December 6, 2021 (the application date) and

January 25, 2024 (the date of the ALJ's decision). (T at 21).

On November 15, 2024, the Appeals Council denied Plaintiff's

request for review, making the ALJ's decision the Commissioner's final

decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing

a Complaint on January 7, 2025. (Docket No. 1).  On June 23, 2025,

Plaintiff filed a motion for judgment on the pleadings, supported by a

memorandum of law. (Docket Nos. 12, 13).  The Commissioner interposed

a brief in opposition to the motion and requesting judgment on the

pleadings, on August 22, 2025. (Docket No. 17).  On September 19, 2025,

Plaintiff submitted a reply memorandum of law in further support of his

motion. (Docket No. 19).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

*A. Duty to Develop the Record*

The Court concludes that a remand is required because the ALJ did not adequately develop the record.

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168

F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

Further, "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

In the present case, the ALJ recognized that Plaintiff's mental impairments were severe (T at 12) but concluded that he retained the RFC to perform work involving simple instructions and work-related decisions, with only routine and occasional changes in the workplace, and with no more than frequent contact with supervisors, coworkers, and the general public. (T at 14).

The record contains multiple assessments from medical professionals regarding Plaintiff's mental functioning.  In making his RFC determination, the ALJ did not find any of these opinions fully persuasive.

Dr. Manjeet Dhallu, plaintiff's treating neurologist, completed several functional assessments, in which he consistently stated that Plaintiff was incapable of even "low stress" jobs and would be absent from work about one day per month. (T at 439, 445, 451).  The ALJ found Dr. Dhallu's conclusion that Plaintiff could not perform "low stress" jobs "conclusory, ill-defined, and internally inconsistent with other parts of the [neurologist's] opinion that [Plaintiff's] seizures were not triggered by stress." (T at 19).

Dr. Joshua Goldstein performed a consultative psychiatric evaluation in December of 2022.  He diagnosed unspecified depressive disorder and unspecified anxiety disorder and opined that Plaintiff's psychiatric problems "may significantly interfere with [his] ability to function on a daily basis." (T at 430).

Dr. Goldstein assessed moderate impairment in Plaintiff's ability to understand, remember, or apply directions and instructions; mild limitation with respect to social interaction; moderate limitation in sustaining concentration and maintaining pace; moderate impairment with respect to sustaining an ordinary routine and regular attendance; mild limitation as to

regulating emotions, controlling behavior, and maintaining well-being; and moderate impairment in being aware of normal hazards and taking appropriate precautions. (T at 429).

The ALJ found Dr. Goldstein's opinion of "limited persuasive value," concluding that it was inconsistent with the ALJ's reading of the record concerning Plaintiff's activities of daily living and mental status examinations. (T at 18).

In December of 2022, Dr. M. D'Ortona, a non-examining State Agency review consultant, opined that Plaintiff had moderate limitations in his ability to: understand, remember, or apply information; concentrate, persist, or maintain pace; adapt or manage oneself; understand, and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extend periods; complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and respond appropriately to changes in the work setting. (T at 77-89).

The ALJ found Dr. D'Ortona's opinion only "partially persuasive," finding a lack of support in the record for "significant limits in [Plaintiff's] memory, attention, concentration, or cognition…." (T at 18).

During the administrative hearing, Plaintiff testified that he was seeing a psychiatrist, whom he identified as "Kathy Labich [phonetic]." (T at 44). Notably, however, the record does not contain a functional assessment from Dr. "Labich" or any treating mental health provider and there is no evidence the ALJ sought such an assessment.  This was error requiring remand.

As noted above, the ALJ's duty to develop the record is heightened when the claimant alleges limitation based on mental impairment(s).

Underpinning the heightening of the ALJ's duty is a recognition that the records and opinions of treating mental health providers are particularly probative.  *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.,* 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the

objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

Although the Commissioner no longer applies the "treating physician's rule," the duty to develop the record, which includes re-contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new medical opinion regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec*., No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec*., No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023).

Further, in this case, the need for further development of the record was especially obvious.

The issue is not *whether* Plaintiff's ability to meet the mental demands of basic work activity is limited by his impairments – every medical opinion in the record identified significant limitations – but to what *extent*.

The ALJ erred by determining the extent of impairment while discounting every medical opinion, without seeking a functional assessment from a treating mental health provider. *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified."); *see also Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022)(noting that "an ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians")(citing *Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021) (collecting cases)).

The Commissioner defends the ALJ by noting that the record was held open following the administrative hearing to allow Plaintiff's counsel to submit additional evidence (T at 39, 51) and counsel failed to submit additional evidence and did not ask for more time or assistance in obtaining an assessment from the treating psychiatrist.

While the Court recognizes that the Second Circuit, in panel opinions, has held that an ALJ may, in certain circumstances, rely on counsel's certification that the record is complete—*see, e.g., Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005); *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012)— "it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel." *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016); *see also Edwards v. Berryhill*, No. 3:17-CV-298 (JCH), 2018 WL 658833, at *12 (D. Conn. Jan. 31, 2018)("ALJs have a duty to develop the record even in cases where the claimant is represented by counsel and may not delegate her duty to develop the record to the claimant's attorney.").

Here, for the reasons discussed above, the need for further development of the record regarding the extent of impairment in Plaintiff's mental functioning was readily apparent and its absence prevents a fair adjudication of Plaintiff's application for benefits.

The Court finds it concerning that Plaintiff's counsel, having failed to fill this obvious gap in the record and/or alert the ALJ to the need for additional evidence, now requests remand by arguing that the record is not complete.

However, "remand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part, to inaction by the claimant's counsel." *Martinez v. Saul*, No. 3:19-CV-01017-TOF, 2020 WL 6440950, at *12 (D. Conn. Nov. 3, 2020)(quoting *Vincent v. Astrue*, No. 08-CV-0956 (VEB), 2010 WL 10827101, at *8 (N.D.N.Y. Mar. 30, 2010)).

"Where, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel." *Hilsdorf v. Comm'r of Soc. Sec.,* 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010).

*B. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons discussed above, the Court finds a remand required for further development of the record.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED, and this case is remanded for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: October 6, 2025                    *s / Gary R. Jones*

                                          GARY R. JONES
                                          United States Magistrate Judge